E-FILED
Thursday, 03 April, 2014  11:02:46 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES F. WILLIAMS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-3064-SEM-TSH |
| | ) |
| SANGAMON COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff James F. Williams, Jr.'s claims and for consideration of his motion for appointment of counsel.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon

1

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Williams is a pre-trial detainee located at the Sangamon County Jail and is currently awaiting trial. Williams alleges that on December 4, 2013, jail staff at the Sangamon County Jail (also known as the Sangamon County Detention Center) provided him with nail clippers that were unsanitary. Williams further alleges that, after using these unsanitary nail clippers to trim his toe nails, he developed an infection in his toes.

Williams contends that jail officials did not take him to the hospital until December 7, 2013 where he underwent a surgical procedure to drain and treat his infected toes. Williams was placed in solitary isolation upon his return from the hospital to the Jail. Williams seeks monetary damages in this suit.

The problem with Williams' Complaint is not that it fails to state a cause of action upon which relief can be granted. The Complaint most likely does.

The Fourteenth Amendment's due process clause provides protections to Williams as a pre-trial detainee. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). In fact, the United States Court of Appeals for the Seventh Circuit has stated that the Fourteenth Amendment's protections are "'at least as great as the protections available to a convicted prisoner under the Eighth Amendment.'" *Tesch v. County of Green Lake*, 157 F.3d 465, 473 (7th Cir. 1998) (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)).

The problem with Williams' Complaint is that it fails to name or identify a proper party defendant. Williams has filed this suit under 42 U.S.C. § 1983. Section "1983 applies only to a 'person' who acts under color of state law." *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001). The "Sangamon County Jail" is not a "person" that may be sued under § 1983. *Wright v. Porter County*, 2013 WL 1176199, * 2 (N.D. Ind. Mar. 19, 2013)("Wright also sues the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations."); *Phillips v. Sangamon County Jail*, 2012 WL 4434724, * 2 (C.D. Ill. Sept. 24, 2012)(same).

Accordingly, the Court will give Williams 21 days from the date of this Order within which to file an Amended Complaint. If he chooses to file an Amended Complaint, Williams should identify the person or persons that he believes is responsible for depriving him of his Constitutional rights. Williams should explain, in a short, plain statement, what actions these individuals did or did not do that he believes constitutes a violation of his Constitutional rights and explain why he believes that these actions or inactions violated his Constitutional rights.

As for his motion for appointment of counsel, Williams' motion is denied. The Court does not possess the authority to require an attorney to accept *pro bono* appointments in civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court.").

In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the

difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. . . . The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis in original). In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyioloa*, 718 F.3d 692, 696 (7th Cir. 2013).

Here, Williams appears to be literate and has filed cogent pleadings with the Court. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt*, 503 F.3d at 655 (internal quotations omitted). Williams' claim is not so novel or complex that he cannot litigate it himself. Williams has personal knowledge of the facts supporting his claims and appears cable of cross-

6

examining the appropriate Defendants regarding their version of the events. *Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Accordingly, the Court finds that, based upon the current record, Williams appears competent to litigate this case himself, and his motion to appoint counsel is denied.

**IT IS, THEREFORE, ORDERED that:**

**1. Plaintiff James F. Williams, Jr.'s motion for appointment of counsel [3] is DENIED.**

**2. Plaintiff has 21 days from the date of this Order to file an Amended Complaint that complies with the dictates of this Order. If Plaintiff fails to file an Amended Complaint that complies with the dictates of this Order, the Court will dismiss this case for failure to state a cause of action upon which relief can be granted. 28 U.S.C. § 1915(g).**

ENTER: April 3, 2014

FOR THE COURT:

s/ Sue E. Myerscough<br>SUE E. MYERSCOUGH<br>UNITED STATES DISTRICT JUDGE